**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PPS DATA, LLC,

        Plaintiff,

vs.                                                 Case No. 3:11-cv-746-J-37TEM

ATHENAHEALTH, INC.,

        Defendant.

**ORDER**

This cause is before the Court on the following.

1. Athenahealth's Motion for Sanctions Against PPS Data LLC Under Rule 11 (Doc. No. 45), filed November 30, 2011;

2. Plaintiff's Brief in Opposition to Defendant Athenahealth's Motion for Sanctions Under Rule 11 and Request for Counter-Sanctions Against Athenahealth, Inc. and its Counsel (Doc. No. 51), filed December 19, 2011;

3. Athenahealth, Inc.'s Response to PPS Data, LLC's "Request for Counter-Sanctions" (Doc. No. 59), filed January 6, 2012;

4. Plaintiff PPS Data, LLC's Motion to Strike (Doc. No. 66), filed January 19, 2012; and

5. Athenahealth, Inc.'s Opposition to PPS Data, LLC's Motion to Strike (Doc. No. 75), filed February 6, 2012.

Defendant in this patent infringement action has moved for sanctions. (Doc. No. 45.) When Defendant filed its sanctions motion, the pleadings were not closed, Defendant had not answered the complaint, and motions to dismiss were pending. In other words, the

Court had issued no meaningful orders and the parties' discovery (although ongoing) is likely in the early stages. With this in mind, the Court turns to Defendant's pending motion for sanctions.

Defendant moves for sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11. (Doc. No. 45.) Defendant contends that Plaintiff and Plaintiff's counsel did not conduct a proper and reasonable pre-filing investigation. (*Id.* at 4-10.) This is so, according to Defendants, because Plaintiff cannot say that Defendant's "athenaCoordinator" product performs certain elements of the asserted claims. (*Id.*) In response, Plaintiff argues that the sanctions motion, which rests on the self-serving affidavit of the managing director of Defendant, is an improper attempt to have the Court pre-judge the merits of the case. (Doc. No. 51, pp. 11-16.) Plaintiff states that it investigated the publically-available literature regarding Defendant's "athenaCoordinator" product and compared the features discussed in that literature to each element of the asserted claims, as shown in the claim charts disclosed to Defendant. (*Id.* at 17-20.) Thus, according to Plaintiff, it conducted a reasonable pre-suit investigation. (*Id.*)

With regard to patent infringement suits, the Federal Circuit has "interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004). In other words, in this context, Rule 11 requires a two-step pre-filing analysis: (1) an investigation into the legal basis of the claim of patent infringement (i.e., a pre-filing "claim interpretation analysis"); and (2) a fact-intensive comparison of the accused product and the asserted claim(s). *Id.*

2

Unfortunately, in this case, neither Defendant nor Plaintiff provided the Court with the claim interpretation that Plaintiff used when it compared the elements of the asserted claims to Defendant's athenaCoordinator product. As such, the Court assumes Plaintiff's claim interpretation (whatever it may have been) was reasonable.

As for the reasonableness of Plaintiff's accusation of infringement, the Court has not been presented with any information that seriously challenges it. Without knowing Plaintiff's claim interpretation, the Court is left with little to analyze in the second step. Plaintiff's claim charts lay out each element of the asserted claims, including the two elements that Defendant contends are not present in its product. The charts identify phrases from Defendant's public statements which seem to refer to a functionality that may satisfy each claim element. The next part of this analysis – whether it was reasonable for counsel to have concluded that the identified functionality satisfied the as-interpreted claim elements – is largely unknowable <u>without knowing the claim interpretation</u>.

The affidavit of Defendant's managing director has little bearing on the adequacy of Plaintiff's pre-suit investigation. To the extent that affidavit can be seen as a repudiation of Defendant's public statements about its product, the affidavit may call into question the accuracy of those statements or, perhaps, the credibility of the managing director. It does not, however, cast doubt on the reasonableness of Plaintiff's reliance on Defendant's public statements. *See, e.g.*, *Q-Pharma*, 360 F.3d at 1301-02 (rejecting the argument that a pre-filing infringement analysis which relied solely on the defendant's advertising statements was inadequate).

As the parties have provided far too little information for a searching inquiry into the reasonableness of Plaintiff's pre-suit investigation, Defendant's Motion for Sanctions (Doc.

No. 45) is due to be denied.

Putting to one side the original motion for sanctions, the Court must now turn to several papers that are related to Defendant's motion in a Rube Goldberg-like manner.[1] First, in its response to the original sanctions motion, Plaintiff asks the Court to impose counter-sanctions against Defendant. (Doc. No. 51.) The Court is not inclined to grant any application as serious as one for sanctions under Rule 11 which has not been presented to the Court as a separate motion. Federal Rule of Civil Procedure 7(b)(1), in fact, requires any "request for a court order" to be "made by motion." A response to a motion is not a motion. Further, the response filed by Plaintiff fails to "state with particularity the grounds for seeking the order" or state with any degree of particularity "the relief sought." *See* Fed. R. Civ. P. 7(b)(1). Nor does Plaintiff's response "include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request," as required by Local Rule 3.01(a).

Thereafter, Defendant filed a "response" to Plaintiff's request for counter-sanctions. (Doc. No. 59.) A very small portion of that paper, however, actually responds to Plaintiff's application for counter-sanctions. Instead, Defendant uses it as a vehicle to reply to Plaintiff's arguments in opposition to the original sanctions motion. As such, the Court will treat it as a reply. The Local Rules and the prior Orders of this Court make it sufficiently clear that counsel shall not file a reply without leave. *See, e.g.*, Local Rule 3.01(c) ("No party shall file any reply or further memorandum directed to the motion or response allowed

---

[1] Rube Goldberg, a Pultizer Prize winning cartoonist, sculptor and author, is best known for his "inventions," which take simple tasks and make them "extraordinarily complicated." See *Biography*, The Official Rube Goldberg Website (Feb. 22, 2012), http://www.rubegoldberg.com/?page=bio.

4

in (a) and (B) unless the Court grants leave."). Defendant did not seek, and was not granted, leave to file this document. As such, the Court ignores it.

In response to Defendant's "response" (which was really a reply) to Plaintiff's response to Defendant's original motion for sanctions, Plaintiff filed a motion to strike. (Doc. No. 59.) Plaintiff asks the Court to strike, pursuant to Federal Rule of Civil Procedure 12(f), a single paragraph from Defendant's response to Plaintiff's application for counter-sanctions (which, as discussed above, was actually more of a reply to Plaintiff's arguments in response to the original sanctions motion). As Defendant points out, however, Rule 12(f) does not provide the Court with the authority to strike anything from any document except a pleading. *See, e.g.*, *Polite v. Dougherty County Sch. Sys.*, 314 F. App'x 180, 184 n.7 (11th Cir. 2008) (per curiam) ("[M]otions to strike are only appropriately addressed towards matters contained in the pleadings.").

All-in-all, the Court finds Rube Goldberg's cartoon of a Self-Operating Napkin more entertaining than the Rube Goldberg-like web of papers submitted in this case. Although both parties have likely spent a great deal of time and money preparing these submissions, neither party has benefitted. The Court has spent too much time addressing them. For future submissions, counsel should note that this Court, like the U.S. Court of Appeals for the Seventh Circuit, "is not inclined to award sanctions in favor of a party that cannot be bothered to follow the rules itself." *Heinen v. Northrop Grumman Corp.*, 2012 WL 372988, at *2 (7th Cir. Feb. 7, 2012).

Furthermore, as this case remains in its early stages, counsel are advised that the effect of launching a litigation nuclear arsenal directed at peripheral issues not genuinely intended to advance the case toward resolution in an efficient, meaningful way will greatly

5

diminish the credit given by the Court to future filings.  Choose your battles wisely lest the early salvos cost you the war.

In view of the foregoing, it is hereby **ORDERED**:

1. Athenahealth's Motion for Sanctions Against PPS Data LLC Under Rule 11 (Doc. No. 45) is **DENIED**; and

2. Plaintiff PPS Data, LLC's Motion to Strike (Doc. No. 66) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on February 23, 2012.

_____
ROY B. DALTON JR.
United States District Judge

copies:

counsel of record